UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


A.A., et al.,                                                    Case No. 3:15-cv-01747

       Plaintiffs

v.                                                               ORDER


Otsego Local Schools Board of Education, et al.,

       Defendants


### INTRODUCTION

Plaintiff Mirela Demirovic seeks a protective order prohibiting Defendant Deputy Brian Ruckstuhl from conducting discovery into certain areas. (Doc. No. 54). Ruckstuhl opposes Demirovic's motion. (Doc. No. 55). Demirovic has not filed a brief in reply or requested an extension of the since-expired deadline to do so. For the reasons stated below, I deny Demirovic's motion.

### BACKGROUND

Demirovic, on behalf of herself and her minor son (who is referred to in this case as A.A.), has asserted claims against Ruckstuhl which allegedly arise from an incident on October 8, 2014, involving A.A. and Ruckstuhl.[1] Demirovic seeks an order prohibiting Ruckstuhl from conducting any discovery relating to the identity of A.A.'s biological father. Demirovic states A.A. is unaware that her husband, Alen Demirovic, is A.A.'s step-father and not his father, thought Demirovic

---

[1] This case initially involved additional parties on both sides as well as additional claims, but those parties and claims previously were dismissed from this litigation. (*See* Doc. Nos. 27, 32, 34, and 53).

previously has informed officials with the Otsego Local Schools of the nature of the relationship between A.A. and Alen. The parties have attempted to resolve their dispute informally but were unsuccessful.

## STANDARD

Rule 26 generally permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). In certain circumstances, however, a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ." Fed. R. Civ. P. 26(c)(1)(D). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).

## DISCUSSION

Demirovic seeks to prevent Ruckstuhl from conducting "any discovery which would suggest or otherwise reveal [that Alen is A.A.'s step-father] to A.A., or even cause him to question otherwise." (Doc. No. 54 at 3). She asserts "[s]uch questions can only be designed to embarrass and harass Plaintiff and A.A., and to further cause him psychological trauma . . . ." (Id.). Ruckstuhl argues Demirovic has not carried her burden of establishing good cause for issuing a protective order because she provides only conclusory statements regarding potential injury. (Doc. No. 55 at 5). Further, Ruckstuhl asserts this issue is relevant to properly evaluating Demirovic's credibility as a witness as well as any claimed damages arising from the incident, and that Demirovic's requested protective order is overly broad. (Id. at 6-7).

As Ruckstuhl notes, a party seeking a protective order must establish annoyance, embarrassment, oppression, or undue burden or expense "with a particularized and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)). Demirovic has not done so. While it certainly is conceivable that discovering

Alen's true identity could be traumatic for A.A., Demirovic only offers "conclusory statements" and has not made "a particularized and specific demonstration of fact." *Serrano*, 699 F.3d at 901; *see also Nix*, 11 F. App'x at 500 (party seeking protective order must "articulate specific facts showing 'clearly defined and serious injury from the discovery sought'"); *Friederes v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993) ("The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one") (citing *Brittian v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991)); *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 92-93 (N.D. Tex. 1994) (concluding movant had not presented sufficient evidence to establish movant was entitled to protective order concerning deposition).

Moreover, Ruckstuhl identifies a relevant use for information concerning Alen and A.A.'s relationship. Demirovic previously provided a written statement to the Manchester, New Hampshire police department in which she stated that Alen had told A.A. that Alen is not A.A.'s father. (Doc. No. 55-3 at 2). Demirovic subsequently retracted that statement as purportedly untrue. (Id. at 12). While this topic must be handled with appropriate sensitivity, inquiry may be appropriate in order to properly evaluate Demirovic's credibility as a witness.

## Conclusion

For the reasons stated above, Demirovic's motion for a protective order pursuant to Rule 26(c) is denied. My chambers will contact counsel for the parties to set a status conference to discuss a suitable path for proceeding with discovery regarding this subject.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge